UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHANIKA COLBERT, <br> **Plaintiff** <br><br> v. <br><br> ADMIN RECOVERY, LLC <br> **Defendant** | Civil Action No._____ |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual damages, statutory damages, attorney's fees and costs brought by Plaintiff Chanika Colbert (herein, "Plaintiff"), an individual consumer, against Admin Recovery, LLC (herein, "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (herein, the "FDCPA").

2. Defendant made false, deceptive, and misleading representations in connection with the collection of a consumer debt from Plaintiff, and Defendant failed to disclose in communications with Plaintiff that the communication was from a debt collector.

1

## II. JURISDICTION & VENUE

3. Subject matter jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

4. Venue in this district is proper in that the Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff is a natural person residing in Fulton County, Georgia.

6. Defendant is a limited liability company organized under the laws of New York.

7. Defendant transacts business in this state.

8. Defendant's transactions in this state give rise to the Plaintiff's cause of action.

9. Defendant is subject to the jurisdiction and venue of this Court.

10. Defendant may be served by personal service upon any authorized agent or officer at its principal place of business at 45 Earhart Drive, Suite 102, Williamsville, NY 14221 or upon its registered agent in the state of Georgia at 2000 Riveredge Parkway NW, Suite 885, Atlanta, GA 30328.

11. Alternatively, Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of Georgia and New York as applicable.

## IV. FACTS

12. Plaintiff is a natural person obligated or allegedly obligated to pay a debt.

13. The debt which is the subject of this lawsuit is a consumer debt.

14. The principal purpose of Defendant is the collection of consumer debts.

15. Defendant regularly attempts to collect consumer debt alleged to be due another.

16. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

17. Within less than one (1) year prior to the filing of this Complaint, Defendant contacted Plaintiff via telephone in an attempt to collect an alleged debt due to a third party who is not a party to this litigation.

18. Within less than one (1) year prior to the filing of this Complaint, Defendant made representations to Plaintiff that if Plaintiff made certain payments towards her alleged debt, Defendant would prevent any furnishing of information to any credit reporting agency about Plaintiff's alleged debt.

19. In reliance upon Defendant's representations, Plaintiff supplied Defendant with her bank account information to make the first of two scheduled payments to pay off her alleged debt.

20. Despite the representations made by Defendant, Defendant accepted Plaintiff's payment and still furnished negative information to credit reporting agencies about Plaintiff's account.

21. Plaintiff was denied an extension of credit due to the negative information furnished by Defendant.

22. Within less than one (1) year prior to the filing of this Complaint, Defendant made multiple phone calls to Plaintiff which failed to disclose that the communication was from a debt collector.

## V. CAUSES OF ACTION

### VIOLATIONS OF THE FDCPA

23. Plaintiff incorporates paragraphs 1 through 22 herein.

24. The conduct of Defendant violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e and 1692e(11).

25. Plaintiff has suffered damages as a direct and proximate result of Defendants' behavior including, but not limited to frustration, anger, embarrassment, and loss of credit opportunity.

26. Plaintiff has suffered costs including, but not limited to, attorney's fees and mileage to and from her attorney's office as a direct and proximate result of Defendants' behavior.

27. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that their conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI. TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment be entered against the Defendants as follows:

a) That Plaintiff be awarded statutory and actual damages;

b) That Defendant be enjoined from attempting to collect any collection fee;

c) That Plaintiff be awarded the expenses of litigation including a reasonable attorney's fee;

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this 4th day of September, 2014.

        **ARMOR LAW, LLC**
        **/S/Chris Armor**
        _____
        Christopher N. Armor
        Georgia Bar No. 614061

        303 Perimeter Center North, Suite 300
        Atlanta, GA 30346
        Phone: (678) 690-8489
        Fax: (404) 592-6102
        Email: chris.armor@armorlaw.com